## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| JENNA M. RODRIGUEZ, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:19-cv-01576 |
| I.Q. DATA INTERNATIONAL, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT

**NOW COMES** Jenna M. Rodriguez ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of I.Q. Data International, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains significant business contacts in the Southern District of Texas, Plaintiff resides in

1

the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant provides third party debt collection services.   Defendant's principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the state of Texas.

6.   The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Texas.

7.   Defendant acted through it agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

8.   Prior to the conduct giving rise to this claim, Plaintiff resided and rented an apartment unit in Stoneleigh on Kenswick Apartments ("Stoneleigh"), located at 19800 Kenswick Dr. Humble, Texas 77338.

9.   Due to unforeseeable financial hardships, Plaintiff fell behind on her scheduled payments owed to Stoneleigh for her February 2019 rent ("subject debt"), resulting in default.

10. Sometime thereafter, Defendant acquired the right to collect or attempt to collect on the subject debt while it was in default.

11. In or around April 2019, Plaintiff began receiving calls to her cellular telephone from Defendant in an attempt to collect on the subject debt.

12. Plaintiff began receiving these calls to her cellular telephone number, (832) XXX-8517.

13. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 8517. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

14. Immediately after the calls began, Plaintiff answered a call to her cellular telephone from Defendant. During the call, Defendant requested Plaintiff to verify her personal information to which Plaintiff asked Defendant to delete her number and cease calling her on her cellular phone.

15. Failing to acquiesce to Plaintiff's demand that it stop calling and delete her number, Defendant continued to call Plaintiff.

16. Notwithstanding Plaintiff's request that Defendant cease placing calls to her cellular telephone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone between April 2019 and the present day.

17. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

19. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

20. Plaintiff's demands that Defendant's phone calls cease went unheeded and Defendant continued its phone harassment campaign.

21. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

22. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

23. The phone number that Defendant most often used to contact Plaintiff was (832) 514-3811, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

24. Furthermore, Defendant contacted Plaintiff's aunt and communicated to her that it needed to speak to Plaintiff concerning the subject debt. Defendant's representative gave Plaintiff's aunt his direct number and extension in order to have Plaintiff contact him. Defendant's representative gave Plaintiff's aunt the following contact number: (888) 248-2509 ext. 1364.

25. Plaintiff's aunt immediately relayed the information about Defendant to Plaintiff. Plaintiff was extremely embarrassed and instantaneously contacted Defendant using the number it provided to Plaintiff's aunt.

26. During that call, Plaintiff spoke to a representative by the name of "Jay." Jay immediately demanded that Plaintiff must make a payment on the subject debt before May 26, 2019, or Defendant would *ruin* her credit. Plaintiff responded to Defendant's threat by *again* demanding that it cease calling her on her cellular telephone. Plaintiff also demanded that Defendant cease contacting any of Plaintiff's family members. Defendant responded by falsely stating it must

4

contact someone in order to resolve the matter, and that Plaintiff should just satisfy the subject debt and get it over with. Plaintiff then hung up the phone due to stress and frustration.

**DAMAGES**

27. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

28. Plaintiff has expended time consulting with her attorneys as a result of Defendant's harassing conduct.

29. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

30. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, embarrassment, humiliation, disgrace, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

<u>**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**</u>

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

5

33. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

34. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

35. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

36. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

37. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

38. Defendant violated 15 U.S.C. §§1692b(2), c(a)(1), c(b), d, d(5), e, e(8), and f through its unlawful debt collection practices.

**a.  Violations of  FDCPA § 1692b**

39. Defendant violated §1692b(2) by contacting a third-party and disclosing that Plaintiff owes the subject.

40. Specifically, Plaintiff contacted Plaintiff's aunt and disclosed that Plaintiff owes the subject debt. Defendant provided Plaintiff's aunt a direct number and extension in order to have Plaintiff contact it. Defendant's conduct caused Plaintiff a great amount of embarrassment and humiliation as Plaintiff did not want her personal information exposed.

### b.   Violations of  FDCPA § 1692c

41. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

42. Furthermore, Defendant has relentlessly called Plaintiff numerous times. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

43. Plaintiff notified Defendant that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

44. Pursuant to §1692c(b), Defendant is prohibited from communicating with anyone other Plaintiff, Plaintiff's attorney, or the credit bureau concerning the subject debt. Defendant violated §1692c(b) by contacting Plaintiff's aunt and disclosing personal information about Plaintiff and the subject debt. Defendant's prohibited communication to Plaintiff's aunt caused her a great amount of disgrace and embarrassment. Plaintiff did not want her family to be aware of her personal and sensitive information with regard to the subject debt.

### c.   Violations of  FDCPA § 1692d

45. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

46. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's consent.

### d.  Violations of FDCPA § 1692e

47. Defendant violated §1692e and e(8) by engaging in false, deceptive, and misleading means in connection to the subject debt.

48. Defendant threatened to ruin Plaintiff's credit if she did not satisfy the subject debt before May 26, 2019. Defendant had no intentions on ruining Plaintiff's credit, nor does Defendant have the authority to ruin Plaintiff's credit. Defendant used such deceptive conduct in order to dragoon Plaintiff in to making a payment on the subject debt.

### e.  Violations of FDCPA § 1692f

49. Defendant violated §1692f by using unfair and unconscionable means in attempt to collect on the subject debt.

50. Defendant unfairly harassed Plaintiff with numerous phone calls to her cellular telephone in hope of annoying her to the point where she would break down and make a payment on the subject debt.

51. It was unconscionable for Defendant to threaten to *ruin* plaintiff's credit. Plaintiff used such conduct in order to scare Plaintiff into making a payment on the subject debt.

52. Furthermore, Defendant unfairly disclosed sensitive and personal information about Plaintiff concerning the subject debt to Plaintiff's aunt. Defendant intended to embarrass Plaintiff in order to induce Plaintiff to satisfy the subject debt.

53. As pled above, Plaintiff was severely harmed by Defendant's conduct.

54. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff and her family members after it was informed to cease placing such calls.

55. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

56. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff JENNA M. RODRIGUEZ respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

### <u>COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

57. Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

58. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

59. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

60. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

61. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

62. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between April 2019 and the present day, using an ATDS without her prior consent.

63. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

64. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

65. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

66. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

67. Defendant, through its agents, representatives, vendors subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

68. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff JENNA M. RODRIGUEZ respectfully prays this Honorable Court for the following relief:

    a.  Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

    b.  Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

    c.  Awarding Plaintiff costs and reasonable attorney fees;

    d.  Enjoining Defendant from further contacting Plaintiff; and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

69. Plaintiff restates and realleges paragraphs 1 through 68 as though fully set forth herein.

70. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

71. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

72. Defendant is a "debt collector" " " and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

**a.  Violations of  TDCA § 391.302**

73. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

74. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a

payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

75. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

76. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff JENNA M. RODRIGUEZ respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    c.  Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e.  Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

    f.  Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: April 30, 2019                              Respectfully Submitted,

<u>/s/ Alexander J. Taylor</u>
<u>/s/ Marwan R. Daher</u>
<u>/s/ Omar T. Sulaiman</u>
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com